USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FLORENTINO ALLENDE, MANUEL BASURTO, JOSE CORTEZ, JOSE LUIS GOMEZ, EDGAR JUAREZ, MARCELINO PACHECO, ADAN PANO, JUAN PANO, MIGUEL PANO, MIGUEL PEREZ, JESUS SIPRIANO, and ALBERTO PACHECO,

    Plaintiffs,

-against-

WEST SIDE DELI LLC d/b/a ARTIE'S DELICATESSEN, ALICART INC., ALICE CUTLER, JEFFREY BANK, and OMAR ZARAS,

    Defendants.

Case No.: 09 CIV. 7334 (HB) (DF)

**STIPULATION OF CONFIDENTIALITY SOLELY APPLICABLE TO DOCUMENTS DISCLOSED DURING SETTLEMENT**

---

    IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for all named Defendants and Plaintiffs that:

    (i) Any party to this Stipulation may designate as "Confidential And Protected Matter" (1) any personnel, financial, confidential or otherwise personal documentation or files that pertain to any current or former employees of the Defendants, including but not limited to, personnel or other employee files; (2) any business records created, held, maintained, or used by the Defendants, including but not limited to, all documents which refer or relate to the Defendants' policies, procedures and guidelines; (3) any sales, financial, confidential or otherwise personal documentation or files that pertain to any current or former customers and/or clients of the Defendants; and (4) any payroll, sales, or time documentation including, but not limited to, pay and tip records, sign-in sheets, schedules, and/or other documents that discuss hours scheduled and/or worked.

(ii) "Confidential And Protected Matter" shall be used solely for the purposes of settlement discussions, which are currently ongoing between the parties, and not for any other purpose, action or proceeding. Any documents exchanged are solely for settlement purposes and by providing any such documents for settlement purposes a party is not admitting that such information is, or is not, discoverable. The parties agree that this Stipulation is null and void if this case is not settled pre-discovery upon return of all "Confidential and Protected Matter" exchanged pursuant to this Stipulation and that this Stipulation shall not have any effect whatsoever on either party's rights during discovery, if applicable.

(iii) This Stipulation will extend to any document derived from a source other than a party to settlement discussions if the document received from that source is identical to or a copy of a document previously provided by a party and designated as "Confidential And Protected Matter."

(iv) Confidential and Protected Matter shall be labeled or otherwise designated "Confidential" or the equivalent. Any confidential designation which is inadvertently omitted subsequent to the entry of this Stipulation may be corrected by written notification to opposing counsel.

(v) Confidential and Protected Matters or information derived therefrom may only be disclosed or made available by the party receiving such information to "Qualified Persons," who are defined to consist of:

    i. The parties to settlement discussions, including those employees of each party deemed necessary to aid counsel in the settlement of this action;

    ii. Counsel for the parties to the settlement discussions in this action

and the legal, paralegal, clerical and secretarial staff employed by such counsel; and

iii. Translators and witnesses, including experts, utilized in connection with settlement discussions.

(vi) Each non-lawyer given access to Confidential and Protected Matter or information pursuant to the terms of this Stipulation shall be advised that the Confidential and Protected Matter or information is being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof.

(vii) Upon the termination of settlement negotiations, whether or not the matter has been settled, the parties shall return to counsel for the producing party the Confidential and Protected Matter produced by the other party and all copies thereof, or the parties may agree upon appropriate methods of destruction.

[handwritten: By not to have any judges signature on the page]

The parties hereby agree to this Stipulation as of the dates below indicated:

SPIVAK LIPTON, LLP

By: _____
Gillian Costello (GC 0151)
Hope Pordy (HP 6253)
Yvonne L. Brown (YB 3522)
*Attorneys for Plaintiffs*
1700 Broadway
New York, New York 10019
Tel.: (212) 765-2100

Date: 9/29/09

JACKSON LEWIS LLP

By: _____
Richard I. Greenberg (RG 4911)
Felice B. Ekelman (FE 5692)
*Attorneys for Defendants*
59 Maiden Lane, 39th Floor
New York, New York 10038
Tel.: (212) 545-4000

Date: 9/14/09

SO ORDERED

_____
Harold Baer, Jr., U.S.D.J.
Date: 10/5/09

"Sealed" and "Confidential" documents may be opened upon notice to the parties pursuant to further order of the court.

SO ORDERED:
_____
Hon. Harold Baer, Jr., U.S.D.J.
Date: 10/5/09

3

It is SO ORDERED
This _____ day of _____, 2009

_____
Harold Baer, Jr., U.S.D.J.